UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KELVIN MOSES** | : | **CIVIL ACTION NO. 2:15-cv-2264** |
| DOC #600226 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **JEFFREY JONES ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Kelvin Moses ("Moses"). Moses is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at Allen Correctional Center ("ALC") in Kinder, Louisiana. Moses names GEO Group ("GEO") and GEO plant manager Jeffrey Jones as his defendants herein. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**I.**
**BACKGROUND**

Moses states that he is openly gay. Doc. 1, p. 4. He claims that on August 11, 2015, he was working in the warehouse at ALC when another inmate referred to him by his nickname Keisha. Doc. 1, att. 1, p. 1. Moses contends that defendant Jones heard this and responded with profanity, stating "What the f--- I said about calling him that name" and "What kind of f---ing name is that, use your name." *Id.* Moses claims that Jones threatened to throw out both Moses and the next person that called Moses by his nickname. *Id.* Moses states that Jones harasses him, has a disrespectful, authoritative attitude, and that his actions were uncalled for. *Id.* at 2.

As relief, Moses asks for Jones to be "addressed by his authority figures," and that Moses be awarded compensatory damages for pain and suffering due to discrimination and defamation of character based on his sexual orientation. Doc. 1, p. 4.

## II.
### LAW AND ANALYSIS

#### A. *Frivolity Review*

Moses has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. This act directs a district court to dismiss an action if the court determines that it is frivolous or malicious or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

#### B. *42 U.S.C. § 1983*

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2)

that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### C. *No Claim for Verbal Abuse/Harassment*

Moses complains that Jones has harassed him by subjecting him to verbal abuse and threats. The "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations." *Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995) (quoting *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983)). Therefore this allegation fails to raise a claim under § 1983.

### D. *No Liberty Interest in Prison Job*

Moses states that due to Jones' behavior, he was afraid of losing his job status. Doc. 1, att. 1, p. 2.

An inmate is not constitutionally entitled to any particular job assignment or classification while confined in prison; thus this claim is not one of constitutional magnitude. *See Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) (citing *Sandin v. Connor*, 515 U.S. 472 (1995). Accordingly, this allegation does not raise an independent claim under § 1983.

### E. *Defamation*

Moses seeks to state a § 1983 claim for defamation. However, it is well established that there is no constitutional right to be free from slander or defamation. *See Paul v. Davis*, 96 S.Ct. 1155, 1165–66 (1976) (recognizing that, while a State may protect against injury to reputation by virtue of its tort law, a person's reputation does not implicate a "liberty" or "property" interest of the sort protected by the Due Process Clause). Thus defamation claims are not cognizable under § 1983 because they do not involve the deprivation of any interest secured by the Constitution or laws of the United States. Accordingly, this claim should be dismissed.

### F. *Equal Protection/Discrimination*

Moses states that the defendants discriminated against him because of his sexual orientation. Such claims arise, if at all, under the Equal Protection Clause of the Fourteenth Amendment. To state an equal-protection claim, a § 1983 plaintiff must allege a state actor intentionally discriminated against him because he was a member of a protected class. *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). The Supreme Court has not recognized sexual orientation as a suspect class; however, if the State violates the Equal Protection Clause by creating a disadvantage for homosexuals, the State's conduct must have a "rational relationship to legitimate governmental aims." *Johnson v. Johnson*, 385 F.3d 503, 532 (5th Cir. 2004) (citation omitted).

The complained of discrimination in the present case involves verbal abuse and a threat to Moses' job status. "Where the conduct at issue consists solely of speech, there is no equal protection violation." *Williams*, 180 F.3d at 706. Additionally, the threat to "throw out" Moses and anyone who called him Keisha does not state a significant enough disadvantage to amount to an equal protection violation. *See Jones v. Porter*, 2000 WL 572059, *2 (6th Cir. 2000) (unpublished) (finding that "a prison official's verbal harassment or idle threats" did not implicate the Equal Protection Clause) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)). Moses has not shown or alleged that he was in any way otherwise disadvantaged or otherwise discriminated against. Therefore his allegation fails to state a claim under the Equal Protection Clause and should be dismissed.

### G. *Supervisory Liability*

GEO is clearly named in its supervisory capacity. It is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992). To be liable under § 1983, a supervisory

official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Moses has named GEO as a defendant but has not alleged personal involvement or that it implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.

### III.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Moses's civil rights complaint **be DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996)**.

THUS DONE AND SIGNED in Chambers this 12th day of August, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE